## MAXWELL v. WILSON.

**Execution:** LEVY ON STOCK OF GOODS : OWNERSHIP. Defendant as sheriff levied on a stock of goods as the property of F. and F. & M. Plaintiff at one time owned a part of another stock of goods, and F. owned the residue thereof. F. and M. (plaintiff's brother) placed the stock in a building owned by plaintiff, and proceeded to sell the same at retail, adding to the stock from time to time in their own name and on their own credit. Afterwards they exchanged the stock for a tract of land, which was conveyed to plaintiff. F. occupied the land for a time, and made some improvements thereon ; but the land was subsequently exchanged for the stock of goods in question, plaintiff's brother acting for him in the transaction. F. took possession of the stock, and engaged in selling the goods, and was in possession when defendant made the levy. Plaintiff sued for and recovered the value of the whole property. *Held* that the facts did not warrant such judgment, because they showed that he owned but an undivided interest in the goods.

*Appeal from Ida District Court.*—HON. J. H.
MACOMBER, Judge.

FILED, OCTOBER 25, 1888.

DEFENDANT, who is sheriff of Ida county, levied cer-
tain executions, which were issued on judgments against
C. L. Finley and Finley & Maxwell on a stock of mer-
chandise. Plaintiff brought this action to recover the
value of the goods, alleging that he was the owner of
the same, and that neither Finley nor Finley & Max-
well had any interest in them. Defendant answered,
denying that plaintiff was the owner of the property,
and alleging that whatever interest he had or claimed
therein was in fraud of the rights of the creditors of Fin-
ley and Finley & Maxwell. There was a trial to a jury,
who returned a verdict for plaintiff, on which the court
entered judgment. Defendant appeals.

*Warren & Buchanan*, for appellant.

No appearance for appellee.

REED, J.—The evidence given on the trial estab-
lished the following state of facts : Prior to January,
1883, C. L. Finley executed to Hibberd, Spencer & Bart-
lett a chattel mortgage, covering a stock of merchandise
then owned by him. Plaintiff acquired the mortgage,
and, in a proceeding to foreclose it, he became the pur-
chaser of a portion of the stock. He subsequently per-
mitted his brother Archie Maxwell and Finley to engage
in the business of selling the goods thus purchased at
retail. They placed the stock in a building owned by
plaintiff, and from time to time added to it, by pur-
chases made in their own name and on their own credit.
After having carried on the business in that way for
more than a year, they exchanged the stock for a tract
of land, which was conveyed to plaintiff. Finley took
possession of the land, and occupied it for one year,
making certain improvements upon it, but it was not

shown under what arrangement that was done. The land was subsequently exchanged for the stock of goods in question, plaintiff's brother acting for him in that transaction; he being a resident of another state. Finley took possession of the stock, and engaged in the business of selling the goods, and was in possession when defendant made the levy. One of the grounds of the motion for a new trial was that the verdict was not supported by the evidence. We are of the opinion that the motion should have been sustained on that ground. There can be no question, under the evidence, but that Finley & Maxwell were joint owners with plaintiff of the stock which was traded for the land. The goods purchased by them, and added to the stock, were commingled with it; and the stock, as thus made up, constituted the only consideration paid for the land. As they paid part of that consideration, they acquired an equitable interest in it. The fact that the title was conveyed to plaintiff is immaterial; for in equity he held the title in trust for himself and his co-tenants. They consented to the exchange of the land for the property in question, and, by reason of that fact, they acquired an interest in that property. It constituted the consideration paid for the goods, and it was not claimed that they were compensated in any other manner for their interest in it. Clearly, then, plaintiff owned but an undivided interest in the property. True, he testified in a general way that he was the owner of the whole of it; but that was matter merely of conclusion, and the facts and circumstances show clearly that his claim in that regard is not well founded; but he sued for, and by the verdict and judgment recovered, the value of the whole of the property. The other questions argued by counsel relate merely to the conduct of the trial, and need not be considered.

REVERSED.